UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


DANIEL J. HODULIK,

    Petitioner,

v.                                                       3:03-cv-509
                                                        3:00-cr-029


UNITED STATES OF AMERICA,

    Respondent.


**MEMORANDUM OPINION**


This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, a petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

Petitioner was convicted by a jury of illegal reentry after deportation, in violation of 8 U.S.C. § 1326, and was sentenced to a term of imprisonment of 72 months. His guideline sentence range of 100-125 months was the result of an enhancement based upon a

2

predeportation aggravated felony. The court nevertheless granted petitioner's request for a downward departure based upon a number of factors, including a history of abuse, abandonment, witnessing his mother's murder, and his mental condition. Petitioner's conviction and sentence were upheld on direct appeal. *United States v. Hodulik*, No. 00-6300, 2002 WL 1396904 (6th Cir. July 22, 2002) (mandate issued) (unpublished decision), *cert. denied*, 537 U.S. 1013 (2002).

In support of his § 2255 motion, petitioner alleges several instances of ineffective assistance of counsel. He also claims an ex post facto violation, error in the presentence report, a violation of the plain error doctrine, and that he did not have an aggravated felony conviction. The gist of petitioner's § 2255 motion is that he should not have received the enhancement for an aggravated felony.

III. <u>Discussion</u>

Pursuant to 8 U.S.C. § 1326, it is illegal for any alien who has been deported to reenter the United States without the express consent of the Attorney General. The punishment for such illegal entry is generally imprisonment for two years. *Id*. § 1326(a)(2). If the alien was deported after a conviction for an aggravated felony, however, the punishment is imprisonment for not more than 20 years. *Id*. § 1326 (b)(2).

The definition of an aggravated felony includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one

year." 8 U.S.C. § 1101(a)(43)(G). Theft was added to the definition of aggravated felony in 1996, pursuant to the Illegal Immigration Reform and Immigrant Responsibility Action (IIRIRA), Pub. L. No. 104-208, § 321, 110 Stat. 3009-627 to 3009-628 (effective September 30, 1996).

Petitioner's conviction was in 1991 for the crime of larceny. He was deported for a second time on July 13, 1993. At that time, his larceny conviction was classified as a crime involving moral turpitude. Petitioner thus argues that his larceny conviction should not have been considered an aggravated felony because the conviction occurred prior to the 1996 addition of theft to the definition of aggravated felony.

Congress, however, addressed this issue and made clear its intent that the date of a predeportation conviction is immaterial: "Notwithstanding any other provision of law (including any effective date), the term [aggravated felony] applies regardless of whether the conviction was entered before, on, or after September 30, 1996." 8 U.S.C. § 1101(a)(43). *See United States v. Luna-Reynoso*, 258 F.3d 111, 116 (2d Cir. 2001) ("By this 'before, on, or after' language, Congress made its intent clear that a § 1326 defendant's predeportation felony is to be considered an aggravated felony if it comes within the definition of that term as amended, regardless of when that felony conviction was entered."); *Seale v. Immigration and Naturalization Service*, 323 F.3d 150, 158 (1st Cir. 2003) ("In 1996, Congress enacted IIRIRA. Congress once again further broadened the definition of aggravated felony. And for the first time it stated that the definition was to apply retroactively.") (citation omitted).

4

Petitioner claims that he was subjected to a violation of the ex post facto clause, U.S. CONST. art. I, § 9, cl. 2, since at the time of his conviction for larceny, the offense of larceny was not an aggravated felony. Petitioner's reentry into the United States, however, occurred after the 1996 change in the law and thus the ex post facto clause was not violated. *See United States v. Aldape-Mendoza*, 21 Fed.Appx. 340, 341, 2001 WL 1176439 *2 (6th Cir. September 25, 2001) (unpublished opinion) (no ex post facto violation because "the punishment set forth in 8 U.S.C. § 1326 is for the offense of reentry and not for the earlier aggravated felony").

Accordingly, petitioner's claim that his larceny conviction did not fall within the definition of an aggravated felony, his claim that the government misinterpreted the law by stating he fit that definition, his claim that the presentence report erroneously listed the aggravated felony conviction, and his claim of an ex post facto violation lack merit. In addition, petitioner's claims that his attorney should have requested an evidentiary hearing at sentencing, should have objected to the presentence report and the government's proof of an aggravated felony, and should have raised an ex post facto objection likewise lack merit. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Petitioner also alleges his attorney failed to raise an appropriate objection, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the sentence enhancement; failed to challenge the sufficiency of the government's proof that petitioner entered the country

without consent; and failed to raise the issue of petitioner's mental state. Counsel for petitioner in fact raised an objection under *Apprendi*, both at trial and on direct appeal. The Sixth Circuit found that *Apprendi* was not implicated in petitioner's case because "a prior conviction for an aggravated felony under § 1326(b)(2) is not an element of an offense under § 1326(a), but rather is a sentencing factor to be determined by the sentencing court." *United States v. Hodulik*, slip op. at 10, 2002 WL 1396904 *5 (citations omitted).

At trial and on direct appeal, counsel unsuccessfully challenged the sufficiency of the evidence to support the alienage element of petitioner's conviction. As the Sixth Circuit noted, the trial court, over petitioner's objection, granted the government's motion in limine which "prevented [Hodulik] from addressing the legality of his prior deportation or any defense relating to a 'mistake' or law or fact or any 'good faith' on the part of [Hodulik] regarding the lawfulness of his reentry into the country after deportation." *Id.*, slip op. at 2, 2002 WL 1396904 at *1 n.1.

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), the defendant must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A finding of serious attorney incompetence will not justify setting aside a conviction, however, absent prejudice to the defendant so as to render the conviction unreliable. *Id*. at 691-92.

Under the circumstances of this case, the court finds that petitioner has failed to meet either prong of the *Strickland* test. Counsel for petitioner challenged the government's proof as well as the enhanced sentence. Counsel was successful in obtaining a downward departure over the government's objection. The objections that petitioner claims counsel should have made would have been frivolous. Defense counsel did not render ineffective assistance of counsel.

IV. <u>Conclusion</u>

The petitioner is not entitled to relief and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>United States District Judge

8

Case 3:03-cv-00509   Document 18   Filed 06/13/05   Page 8 of 8   PageID #: 12